IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOHN HENRY DAWSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-067 |
| | ) | |
| JOHN M. PERKINS, Investigator, and | ) | |
| RICHMOND COUNTY SHERIFF OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee at Charles B. Webster Detention Center in Augusta, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983 regarding events alleged to have occurred in Augusta, Georgia. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I.   SCREENING OF THE AMENDED COMPLAINT

### A.   BACKGROUND

Plaintiff names as Defendants Investigator John M. Perkins and Richmond County Sheriff's Office. (Doc. no. 5, pp. 1, 2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On December 9, 2017, Inv. Perkins responded to Plaintiff's home in reference to a

disturbance. (Id. at 4.) Samuel Noling and Jennifer Bannister alleged they were robbed and struck about the head and body with a firewood log and a metal pole. (Doc. no. 5-1, p. 1.) Inv. Perkins took two statements from each alleged victim, and their statements were inconsistent. (Id.) Inv. Perkins determined Mr. Noling and Ms. Bannister had active bench warrants for their arrest. (Id.) Inv. Perkins made an investigative note indicating he decided not to arrest Ms. Bannister because she had not yet sought medical treatment for her head wounds. (Id.) Inv. Perkins interviewed Mr. Noling at Augusta University Medical Center, where he was being treated for his injuries. (Id.) Inv. Perkins did not arrest Mr. Noling or explain the basis for his decision not to do so. (Id.)

Shalisa Tyler, Plaintiff's girlfriend, informed Inv. Perkins that Mr. Noling used his head to strike her upper lip and struck her elbow. (Id.) Mr. Noling was never charged. (Id.) Ms. Bannister informed Inv. Perkins that Ms. Tyler began striking the passenger side of Mr. Noling's truck with a metal pole, so Mr. Nolan got out of the truck to make Ms. Tyler stop. (Id.) Windy Sherman, a witness, informed Inv. Perkins she did not see Plaintiff take anything from Mr. Noling. (Id.) Ms. Tyler informed Inv. Perkins she did not see Plaintiff carrying anything when he ran away. (Id.) Inv. Perkins intentionally discriminated against Plaintiff and Ms. Tyler. (Id.)

Plaintiff feels "like race has a lot to do with his case" and asserts this would not have happened to a white man on private property. (Id.) Plaintiff was indicted despite exculpatory accounts of the events, did not receive a preliminary hearing, and has been held without bond since March 15, 2018. (Id.) Plaintiff wrote his "public defender attorney" asking him to file motions to inspect the grand jury minutes, dismiss the indictment, and seek discovery. (Doc. no. 5-2.) Plaintiff's counsel filed a motion to withdraw as counsel in his criminal case and was

2

replaced by another attorney in April 2019. (Id.)

As relief, Plaintiff seeks a preliminary and permanent injunction ordering his release, nominal damages, compensatory damages for lost wages, punitive damages, court costs, and any additional relief the Court deems just, proper, and equitable. (Doc. no. 5, p. 7.)

After submitting his amended complaint, Plaintiff also filed a motion for summary judgment, arguing the merits of his amended complaint and that the state court has not ruled on the alleged constitutional violations occurring in his state criminal proceedings. (Doc. no. 7.) Plaintiff also submitted a declaration, arguing Defendants are in default, (doc. no. 11), and a motion for service of summons, in which he asks the Court to screen his amended complaint to determine if Defendants should be served, (doc. no. 13).

**B.     DISCUSSION**

   **1.     Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. The Court Should Abstain under the Younger Doctrine

The case should be dismissed because of the abstention doctrine. Plaintiff alleges, and admits he is alleging, the exact same facts he alleged before this Court in Dawson v. Perkins, CV 118-186 (S.D. Ga. Mar. 5, 2019), which was dismissed without prejudice based on the Younger doctrine. (See doc. no. 5-2, p. 2.) The only difference between this case and

the previous case is Plaintiff filed a motion to quash the indictment in his underlying criminal case based on selective prosecution. (Id. at 3.) However, this filing does not change the result.

The charging decision is one that belongs to state authorities, and the question of whether a federal court should abstain from interfering with a state judicial proceeding under the principle of Younger v. Harris, 401 U.S. 37 (1971), must be considered in three parts: "first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003). Furthermore, while Younger involved a federal suit seeking equitable relief in the form of an injunction of the ongoing state proceedings, Younger abstention extends to cases involving § 1983 claims for damages. See Boyd v. Georgia, 512 F. App'x 915, 917-18 (11th Cir. 2013) (affirming dismissal without prejudice, pursuant to Younger abstention, of § 1983 complaint seeking monetary damages).

As in Plaintiff's first case, all three factors weigh in favor of abstention. First, public records indicate the underlying criminal proceedings are ongoing.[1] Public records confirm what the complaint implies; i.e., the state proceeding is ongoing. Cf. Steffel v. Thompson, 415 U.S. 452, 462 (1974) ("When no state criminal proceeding is pending at the time the

---

[1] See Richmond County Clerk of Court Web Docket, available at https://cocaugustaga.gov/mainpage.aspx (follow "Criminal Search" hyperlink; then search for "Dawson, John Henry," open 2018RCCR00666, last visited Sept. 12, 2019); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation).

5

federal complaint is filed, federal intervention does not result in . . . disruption of the state criminal justice system. . . .").

Second, the state proceeding implicates an important state interest in criminally prosecuting felony offenses. Absent "extraordinary circumstances," federal courts should not intervene in state criminal prosecutions. Younger, 401 U.S. at 45.

Third, Plaintiff has not established the state proceeding would fail to provide an adequate remedy for his federal claim. See 31 Foster Children, 329 F.3d at 1279. Indeed, Plaintiff can and has raised his equal protection claim in his criminal proceedings as a selective prosecution claim. (See doc. no. 5-2); State v. Babel, 469 S.E.2d 203, 205, n.2 (Ga. Ct. App. 1996) (noting "selective prosecution analysis is essentially equal protection analysis" and reversing trial court's grant of motions to quash based on selective prosecution); see also Wallace v. State, 791 S.E.2d 836, 839-40 (Ga. 2016) (discussing selective prosecution standard and affirming trial court's rejection of defendant's selective prosecution claim). Although, Plaintiff believes the state criminal court has ignored his motion, (doc. no. 7, p. 1), the docket reflects there has not been a ruling on Plaintiff's motion, and more importantly, the case is ongoing. Thus, Plaintiff has not satisfied his burden of showing the state proceeding cannot provide an adequate remedy for his claims.

For these reasons, the Court should abstain from ruling under the Younger doctrine, and this case should be dismissed without prejudice. See Jackson v. Georgia, 273 F. App'x 812, 813-14 (11th Cir. 2008) (affirming *sua sponte* dismissal due to Younger abstention); Smith v. Mercer, 266 F. App'x 906, 908 (11th Cir. 2008) (noting that "[a] dismissal pursuant to the Younger doctrine is without prejudice, and does not preclude later re-filing of the

complaint"). Additionally, because Plaintiff's amended complaint cannot survive screening, he is not entitled to have the Clerk enter default against Defendants, and his motion for summary judgment and motion for service of summons should be denied as moot.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for summary judgment and motion for service of summons be **DENIED** as **MOOT**, (doc. nos. 7, 13), this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 12th day of September, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA